**Affirmed and Memorandum Opinion filed August 11, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00694-CV

---

## TEXAS DEPARTMENT OF TRANSPORATION, Appellant

## V.

## AMRINDER SINGH, Appellee

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2018-85511**

---

## MEMORANDUM OPINION

Amrinder Singh sued the Texas Department of Transportation for negligence after a vehicle he was driving spun out and crashed on a roadway TxDOT had recently rebuilt. TxDOT filed a combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment alleging Singh had failed to provide timely notice to TxDOT as required by section 101.101 of the Texas Torts Claim Act (TTCA). The trial court denied the plea and motions, and TxDOT now brings this interlocutory appeal. We affirm.

## Background

In his petition, Singh alleged that on December 4, 2016, he was travelling on US Highway 290 in Jersey Village, Texas. The highway at that location had recently been rebuilt by TxDOT, the new highway surface was very slick when wet, and it had been raining. The vehicle Singh was driving spun out due to the slick highway surface, struck the crush barrier on the left side of the highway, and rolled over. Singh claims that his vehicle was totaled in the crash and he suffered serious injuries. According to the crash report, six other spin out crashes occurred in the same area on the same day. Among other allegations, Singh asserted that TxDOT had "exclusive and direct control of all improvement of the highway where the collision made the basis of this claim occurred" and "failed to properly maintain safe highway conditions."

As stated, TxDOT filed a combination plea to the jurisdiction, motion to dismiss, and motion for summary judgment alleging Singh had failed to establish timely notice to TxDOT as required by TTCA section 101.101. As will be discussed in more detail below, the evidence submitted to the trial court on this issue included a Jersey Village police officer's crash report and deposition excerpts as well as affidavits by a TxDOT engineer and a tort claims manager. In a single issue in this appeal, TxDOT contends the trial court erred in denying the plea and motions.

## Governing Law

Under Texas common law, state governmental departments such as TxDOT are generally immune from suit and liability absent an express legislative waiver of that immunity. *See, e.g.*, *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 654 (Tex. 2012). Singh alleged such a waiver in this case by suing TxDOT under the TTCA, which waives immunity for certain tort claims including premises defects.

2

Tex. Civ. Prac. & Rem. Code §§ 101.022, .025; *Worsdale v. City of Killeen*, 578 S.W.3d 57, 62 (Tex. 2019). Section 101.101 of the TTCA requires as a jurisdictional prerequisite to suit that the claimant provide either formal or actual notice before filing a lawsuit against a governmental unit:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
>> (1) the damage or injury claimed;
>>
>> (2) the time and place of the incident; and
>>
>> (3) the incident. . . .
>
> (c) The notice requirements provided . . . by Subsection[] (a) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Tex. Civ. Prac. & Rem. Code § 101.101; *Worsdale*, 578 S.W.3d at 62. The evidence in this case focused on whether TxDOT had actual notice under subsection (c) rather than formal notice under subsection (a).

In this context, actual notice requires the governmental unit has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Reyes v. Jefferson Cty.*, 601 S.W.3d 795, 798 (Tex. 2020) (quoting *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)). In other words, "[a]ctual notice means the governmental unit is subjectively aware that it may be responsible for death, injury, or property damage in the manner ultimately alleged by the claimant." *Id.* (quoting *Worsdale*, 578 S.W.3d at 77). If a governmental unit does not possess subjective awareness of its fault as ultimately alleged by the claimant, it does not have the incentive to gather information that

3

the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault. *Worsdale*, 578 S.W.3d at 64. When the facts do not even imply a governmental unit's fault, they are legally insufficient to provide actual notice. *Id.*

Notice is a prerequisite to subject-matter jurisdiction in this context and, thus, a question of law reviewed de novo. *Id.* at 66. When actual notice evidence is disputed, a fact question arises. *Id.* When a jurisdictional fact issue is intertwined with the merits, a court cannot grant a plea to the jurisdiction, but when the jurisdictional issue is not intertwined with the merits, we must defer to the trial court's express or implied factual determinations that are supported by sufficient evidence. *Id.* Actual notice, however, often can be determined as a matter of law even "when subjective awareness must be proved, if at all, by circumstantial evidence." *Id.* (quoting *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004)).

### *Analysis*

As mentioned, the parties presented the trial court with four pieces of evidence on the notice issue. The affidavit of Gordon Leff, the tort claims manager for TxDOT's Occupational Safety Division, appears to primarily concern the absence of formal notice. He explained that all claims received by TxDOT are forwarded to his department and that it did not receive Singh's claim until October 18, 2018, long after notice was due under TTCA section 101.101. Although Leff averred that prior to receipt of that notice, TxDOT had no actual knowledge of Singh's claim, the purported cause of his injuries, or that the location where the accident occurred was hazardous, he provided no basis for any such knowledge. *See, e.g., SouthTex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (explaining that merely reciting an

4

affidavit is based on personal knowledge is insufficient; to avoid being conclusory, the affidavit must actually disclose the basis on which the affiant has personal knowledge of the facts asserted).

The next piece of evidence presented was a TxDOT "Texas Peace Officer's Crash Report," labelled as being for "Law Enforcement and TxDOT Use ONLY." The report includes a "TxDOT Crash ID" number and a "Case ID" number. The report was completed by Officer Zatzkin of the Jersey Village Police Department. Zatzkin noted the accident occurred on December 4, 2016 at 6:50 a.m., and he listed the location address on Highway 290 and noted that it was in a construction zone. Zatzkin also fully identified Singh in the report and provided specifics regarding the vehicle Singh was driving at the time. Zatzkin further indicated Singh had possible injuries but had declined transport by Jersey Village EMS. Zatskin noted a crush barrier had been damaged in the accident, and under "Contributing Factors," he indicated "Other (Explain in Narrative)." In the section labelled "Investigator's Narrative Opinion of What Happened," Zatzkin wrote:

> Unit 1 [Singh] was traveling Eastbound on 15500 US Highway 290 in the far left lane. The Highway has recently been rebuilt and the new highway surface is very slick when wet. Unit 1 spun out due to slick wet Highway surface and struck the crush barrier on left side of freeway. Unit 1 then struck left side barrier wall and rolled over to the left, coming to rest upside down on top of the barrier wall. Note* there were 6 additional spin out[s] and accidents on this same date due to slick road surface on the Highway. Note* TX DOT Jim Mims P.E., Asst Area Engineer was contacted ref. the slick road.

In addition to noting what happened to Singh's vehicle in the narrative section, Zatzkin further indicated that it sustained damage; specifically, he rated damage to the front center of the vehicle as a 6 on a 7-point scale and damage to the left rear of the vehicle as a 5 on that same scale. Zatzkin also noted the vehicle was "inventoried" as a result of the accident.

5

Although the TxDOT Crash Report contains instructions to mail completed reports to TxDOT, in his deposition, Officer Zatzkin explained that instead, he filled the form out and submitted it electronically to TxDOT. He indicated that would have happened the same day or the day after the accident. The report itself stated it was completed on December 5, 2016, the day after the accident. Zatzkin further explained that when he arrived on the scene shortly after the accident, Singh appeared "a little bit banged up." Singh's car was totaled and had to be towed away once it was righted.

According to Zatzkin, on that day, there was "a large volume of accidents that were similar, cars spinning out, and we called TxDOT to let [them] know we believed there was a problem with the roadway because of cars spinning out." A TxDOT engineer returned one of Zatzkin's calls on a recorded line. According to Zatzkin, the engineer "said something to the effect that they had used an experimental surface and he felt like it was going to be dangerous and there was going to be problems[, but TxDOT later] said nobody should have said that and they didn't think that was correct." Zatzkin believed he indicated "defective roadway" as the cause of the crash on the crash report and that crash reports were made for the other six accidents that occurred on that day. He did not believe that he mentioned the name Singh when he talked to Mims but just told him they were having a large number of spin-out accidents and requested some form of traffic control or something to make the roadway safe.

In his affidavit, Mims acknowledged talking to a Jersey Village police officer on December 4, 2016. He originally received a call from Transtar informing him of an accident on Highway 290 and that an officer wanted to speak to someone from TxDOT. When Mims called the officer, the officer told him that there had been several accidents in the same location and "that whatever experimenting was

6

taking place on US 290 needs to be looked at as it is causing the road to be 'slick.'" The officer did not mention the name Singh or the fact that he had been injured. The officer said that he would not open the road until something was done about it being slick and suggested TxDOT should "bring devices to close the road." Mims told the officer that he would call TxDOT's area engineer and then get back to the officer. Mims then "called Mr. Ortiz, the TxDOT Area Engineer and he told me the work being performed is not making the road 'slick' . . . and [w]e were not going to close the freeway." Mims relayed that information back to the police officer, who said "fine" and that he was putting Mims's name in his crash report.

In summary, there is some evidence that as of December 5, 2016, the day after the accident, TxDOT had subjective awareness that Amrinder Singh of a specified address and driver's license number was involved in an automobile accident on December 4, 2016 at 6:50 a.m. in the 15500 block of Highway 290, a section of the highway that TxDOT had recently rebuilt. TxDOT additionally had subjective awareness at that time that Singh had suffered possible injuries in the accident and his vehicle, a 2013 Lincoln sedan, had sustained substantial damage. TxDOT further was subjectively aware that the police officer responding to the scene attributed the cause of that crash and six other crashes occurring in the same area in the same timeframe to the slickness of the new road surface when wet. According to Zatkin, a TxDOT engineer told him that TxDOT "had used an experimental surface and he felt like it was going to be dangerous and there was going to be problems." In other words, TxDOT knew the day after Singh's accident that property damage and possible injury had occurred, TxDOT was allegedly at fault, and Singh was the individual involved. *See Reyes*, 601 S.W.3d at 798; *Cathey*, 900 S.W.2d at 341. TxDOT was also subjectively aware that it "may be responsible for . . . injury[] or property damage in the manner ultimately alleged

7

by the claimant." *Reyes*, 601 S.W.3d at 798; *Worsdale*, 578 S.W.3d at 77. The fact that TxDOT's area engineer apparently disbelieved that the roadway construction was a cause of the accident is not dispositive of the notice issue. *See Worsdale*, 578 S.W.3d at 67 ("Whether the City believed it was liable or not is not the standard.").[1] For these reasons, we conclude that a genuine issue of material fact exists as to actual notice under section 101.101(c). Accordingly, the trial court did not err in overruling TxDOT's combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment. We therefore overrule TxDOT's sole issue.

We affirm the trial court's order denying TxDOT's plea to the jurisdiction, motion to dismiss, and motion for summary judgment.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[1] TxDOT suggests the facts in this case are analogous to those in the Texas Supreme Court cases of *City of San Antonio v. Tenorio*, 543 S.W.3d 772 (Tex. 2018), and *City of Dallas v. Carbajal*, 324 S.W.3d 537 (Tex. 2010) (per curiam), wherein the court held the evidence was insufficient to establish actual notice. We disagree as the facts in those cases are readily distinguishable. In *Tenorio*, the court explained that a police report notation indicating the sole contributing factor for a collision was an individual "Fleeing or Evading Police" did not create subjective awareness of an allegation of fault against the defendant city. 543 S.W.3d at 775–778. In *Carbajal*, the court explained that a police report stating the plaintiff had driven her vehicle into a gap in the barriers at a construction site did not say who had failed to erect or maintain the barriers properly and thus did not even imply that the defendant city was at fault. 324 S.W.3d at 538–39. This case is not like *Tenorio* and *Carbajal* but is more similar—although certainly not identical—to the situation the supreme court encountered in *Worsdale*, where an accident investigator identified a specific road hazard for which the defendant city was responsible as a contributing factor to the accident. 578 S.W.3d at 60.